KELLY A. EVANS, ESQ.
Nevada Bar No. 7691
CHAD R. FEARS, ESQ.
Nevada Bar No. 6970
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200
kevans@swlaw.com
cfears@swlaw.com
*Attorneys for Defendant Bristol-Myers Squibb Company*

JEFFREY S. RUGG, ESQ.
Nevada Bar No. 10978
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
702.382.2101
jrugg@bhfs.com
*Attorneys for Defendants Otsuka America Pharmaceutical, Inc. and Otsuka Pharmaceutical Co., Ltd.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RENEE FOLEY and BRANDON FOLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY, OTSUKA PHARMACEUTICAL CO., LTD., and OTSUKA AMERICA PHARMACEUTICAL, INC.,<br><br>Defendants. | Case No. 2:16-cv-01596-APG-VCF<br><br>**DEFENDANTS' UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** |

Defendants Bristol-Myers Squibb Company, Otsuka America Pharmaceutical, Inc., and Otsuka Pharmaceutical Co., Ltd. hereby move this Court for an Order granting their Unopposed Motion to Stay Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation ("JPML"). As explained in the accompanying memorandum of points and authorities, a temporary stay while the JPML considers the recently filed joint motion to establish a

multidistrict litigation for Abilify® compulsive behavior cases will serve the interests of efficiency and conservation of judicial resources.

Plaintiffs do not oppose this motion.

Dated:  August 8, 2016

By:  /s/ Chad Fears
Kelly A. Evans, Esq. (#7691)
Chad R. Fears, Esq. (#6970)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway #1100
Las Vegas, Nevada 89169
702.784.5200
kevans@swlaw.com
cfears@swlaw.com

*Attorneys for Defendant Bristol-Myers Squibb Company*

By:  /s/ Jeffrey Rugg
Jeffrey S. Rugg, Esq. (#10978)
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
702.382.2101
jrugg@bhfs.com

*Attorneys for Defendants Otsuka America Pharmaceutical, Inc. and Otsuka Pharmaceutical Co., Ltd.*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

## I. INTRODUCTION

Defendants Bristol-Myers Squibb Company, Otsuka America Pharmaceutical, Inc., and Otsuka Pharmaceutical Co., Ltd.[1] (collectively, "Defendants") respectfully submit this unopposed motion to stay all proceedings in this case until resolution of the joint motion to establish a multidistrict litigation ("MDL") for Abilify® compulsive behavior litigation nationwide.

On June 24, 2016, the parties in the 26 Abilify compulsive behavior cases pending at that time filed a joint motion with the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel") for transfer of those cases and any subsequent related actions involving similar claims—such as this case—to a single jurisdiction for coordinated and consolidated pretrial proceedings in order to ensure uniformity of decisions and to avoid unnecessary duplication of efforts. Granting a temporary stay in this case would further those interests. Such a stay would be brief, as the Parties expect the JPML to hear the motion on September 29, 2016, and the Panel is expected to render a decision shortly thereafter.

## II. BACKGROUND

Plaintiffs filed this action on July 6, 2016, alleging that Plaintiff Renee Foley was prescribed and took the prescription medication Abilify® from September 2012 until July 2014, and that it caused her to gamble pathologically. Compl. ¶ 8, ECF No. 1.

This case is one of 33 cases now pending in 18 federal jurisdictions that allege that Defendants failed to warn prescribers and consumers of Abilify of "an increased risk of serious and dangerous side effects including, without limitation, uncontrollable compulsive behaviors such as compulsive gambling." Compl. ¶¶ 4, 103. In light of the nationwide scope of the litigation, on June 24, 2016, the parties in the 26 Abilify compulsive behavior cases pending at that time jointly filed a motion with the JPML to transfer those cases and any subsequent related

---

[1] Defendant Otsuka Pharmaceutical Co., Ltd. ("OPC"), a Japanese company headquartered in Japan, anticipates filing a motion to dismiss for lack of personal jurisdiction. No waiver of any challenge to personal jurisdiction is created or implied by joining in this motion.

1 actions involving similar claims—such as this case—to a single judge in the Northern District of
2 Florida for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 ("MDL
3 Motion") (attached as Exhibit A).  On July 11, 2016, Plaintiffs filed a notice with the JPML that
4 this action is related to the 26 cases subject to the MDL Motion (attached as Exhibit B).

5       Defendants are in the process of filing motions to stay in all the Abilify compulsive
6 behavior cases except those pending in the Northern District of Florida.  Thus far, stays of
7 proceedings pending decision by the JPML have been entered in eighteen of the cases.  *See*
8 Docket Text Order, *Leland v. Bristol-Myers Squibb Co.*, No. 6:16-cv-3023 (W.D. Mo. June 29,
9 2016), ECF No. 58 (attached as Exhibit C); Order Granting Defendants' Unopposed Motion to
10 Stay Proceedings Pending Decision By Judicial Panel on Multidistrict Litigation, *Kinder v.*
11 *Bristol-Myers Squibb Co.*, No. 1:16-cv-170 (D. Md. June 29, 2016), ECF No. 60 [hereinafter "D.
12 Md. Stay Order"] (attached as Exhibit D)[2]; Order, *Bowman v. Bristol-Myers Squibb Co.*,
13 No. 8:16-cv-117 (M.D. Fla. June 30, 2016), ECF No. 73 (attached as Exhibit E); Order, *Edgar v.*
14 *Bristol-Myers Squibb Co.*, No. 1:16-cv-654 (M.D. Pa. July 5, 2016), ECF No. 50 (attached as
15 Exhibit F)[3]; Order, *Tripler v. Bristol-Myers Squibb Co.*, No. 16-cv-244 (E.D. Pa. July 6, 2016),
16 ECF No. 50 (attached as Exhibit G); Order, *Clarke v. Bristol-Myers Squibb Co.*, No. 2:16-cv-447
17 (M.D. Fla. July 6, 2016), ECF No. 13 (attached as Exhibit H); Order, *Miley v. Bristol-Myers*
18 *Squibb Co.*, No. 0:16-cv-67 (D. Minn. July 8, 2016), ECF No. 55 (attached as Exhibit I); Order
19 Granting Defendants' Motion to Stay Proceedings Pending MDL Panel Decision, *Pamintuan v.*
20 *Bristol-Myers Squibb Co.*, No. 3:16-cv-254 (N.D. Cal. July 14, 2016), ECF No. 60 [hereinafter
21 "N.D. Cal. Stay Order"] (attached as Exhibit J); Order Granting Motion to Stay, *Adams v. Bristol-*
22 *Myers Squibb Co.*, No. 1:16-cv-1674 (D. Colo. July 18, 2016), ECF No. 9 [hereinafter "D. Colo.
23 Stay Order"] (attached as Exhibit K); Order, *Reese v. Bristol-Myers Squibb Co.*, No. 8:16-cv-116
24 (M.D. Fla. July 22, 2016), ECF No. 72 (attached as Exhibit L); Order Granting Defendants'

---

[2] Identical orders also were entered in *Davis v. Bristol-Myers Squibb Co.*, No. 1:16-cv-171 (D. Md.), *Schaap v. Bristol-Myers Squibb Co.*, No. 1:16-cv-172 (D. Md.), and *Butler v. Bristol-Myers Squibb Co.*, No 1:16-cv-173 (D. Md.).

[3] An identical order also was entered in *Bowman v. Bristol-Myers Squibb Co.*, No. 1:16-cv-1140 (M.D. Pa.).

Unopposed Motion to Stay Pending Decision by the Judicial Panel on Multidistrict Litigation, *Sears v. Bristol-Myers Squibb Co.*, No. 1:16-cv-65 (E.D. Cal. July 29, 2016), ECF No. 60 (attached as Exhibit M)[4].[5]

### III.  ARGUMENT

Under the Multidistrict Litigation Act, "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). While this action is not automatically stayed upon the filing of the MDL Motion, it is within the Court's discretion to grant a stay, particularly if doing so would serve the interests of judicial economy and efficiency. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (discretion to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

Courts in this District have granted temporary stays, like the one requested here, pending decisions by the JPML on Section 1407 motions. *See, e.g.*, *Hernandez v. Asni, Inc.*, No. 2:15-cv-78, 2015 WL 3932415, at *2 (D. Nev. June 24, 2015) (granting motion to stay pending decision by JPML); *F.I.M. v. U.S. Dep't of the Interior*, No. 3:14-cv-630, 2015 WL 2165274, at *3 (D. Nev. May 7, 2015) (same); *Lee v. Depuy Orthopaedics, Inc.*,

---

[4] Identical orders also were entered in *Reynolds v. Bristol-Myers Squibb Co.*, No. 1:16-cv-357 (E.D. Cal.), *Harper-Mosley v. Bristol-Myers Squibb Co.*, No. 1:16-cv-609 (E.D. Cal.), and *Vickers v. Bristol-Myers Squibb Co.*, No. 1:16-cv-737 (E.D. Cal.).

[5] One judge denied Defendants' unopposed motions to stay in two cases without prejudice and without explanation. *See* Order Denying Motion to Stay Pending Grant of MDL Petition, *Thomas v. Bristol-Myers Squibb Co.*, No. 2:16-cv-326 (C.D. Cal. July 6, 2016), ECF No. 71 (attached as Exhibit N); Order Denying Motion to Stay Pending Grant of MDL Petition, *Tsiryulnikova v. Bristol-Myers Squibb Co.*, No. 2:16-cv-4046 (C.D. Cal. July 6, 2016), ECF No. 24 (identical to *Thomas* order). Both cases were subsequently dismissed voluntarily without prejudice. *See Thomas*, No. 2:16-cv-326, ECF No. 79; *Tsiryulnikova*, No. 2:16-cv-4046, ECF No. 30.

No. 2:12-cv-1164, 2012 WL 4795658, at *2 (D. Nev. Oct. 8, 2012) (same); *Innovatio IP Ventures, LLC v. MEI-GSR Holdings LLC*, No. 3:11-cv-343, 2011 WL 6812541, at *1 (D. Nev. Dec. 27, 2011) (same).

Because Defendant Otsuka Pharmaceutical Co., Ltd. anticipates moving to dismiss the complaint for lack of personal jurisdiction, a stay is particularly appropriate here to ensure uniform application of federal personal jurisdiction standards to the Abilify compulsive behavior cases. *See* MDL Motion at 9 (explaining overlapping challenges by OPC to personal jurisdiction in each of the actions and efficiencies that would result from coordinated treatment); *see also In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Once transferred [to the MDL], the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served."); N.D. Cal. Stay Order, *Pamintuan*, No. 3:16-cv-254, ECF No. 60 ("[I]t makes sense for the court handling any MDL to have the opportunity to resolve issues like personal jurisdiction in a uniform manner."). Indeed, federal district courts often grant stays to allow an MDL court to decide pending motions to dismiss. *See, e.g.*, Docket Text Order, *Leland*, No. 6:16-cv-3023, ECF No. 58 (granting stay of proceedings, including motion to dismiss, pending decision by JPML); D. Md. Stay Order, *Kinder*, No. 1:16-cv-170, ECF No. 60 (same); Order, *Bowman*, No. 8:16-cv-117, ECF No. 73 (same); *Sprint Commc'ns Co. v. Pac. Bell Tel. Co.*, No. 2:14-cv-1257, 2014 WL 7239474, at *1–2 (E.D. Cal. Dec. 16, 2014) (same); *Milan v. Rama*, No. 13-cv-3796, 2013 WL 5496462, at *2 (N.D. Cal. Oct. 3, 2013) (same); *Eggart v. A.L.S. Enters.*, No. 09-cv-107, 2009 WL 1587904, at *1 (E.D. Wash. June 2, 2009) (same).

A brief stay will not prejudice any party. The Parties expect the JPML to hear the MDL Motion at its September 29, 2016 session, and the Panel is expected to render a decision shortly thereafter. *See* John G. Heyburn II, *A View from the Panel: Part of the Solution*, 82 TUL. L. REV. 2225, 2242 (2008) ("The Panel's rules already require a tight briefing schedule prior to oral argument on all § 1407 transfer motions. The Panel prepares extensively for oral argument and usually reaches a decision on each case during its conference immediately afterwards . . . ."). In addition, Plaintiffs do not oppose this Motion, thus making a stay even more appropriate. *See* D.

- 6 -

Colo. Stay Order, *Adams*, No. 1:16-cv-1674, ECF No. 9 ("The Plaintiffs do not oppose the request and I agree that a temporary stay of proceedings is in all of the parties' best interests. Further, the JPML is expected to rule on the motion to transfer by early October 2016 at the latest and, thus, the stay requested is likely to be brief, which minimizes any potential prejudice to any party.").

Moreover, this action is at an early stage. The benefits of granting a stay outweigh any short delay at this early phase of the case. *See* N.D. Cal. Stay Order, *Pamintuan*, No. 3:16-cv-254, ECF No. 60 ("The Court finds that a temporary stay of proceedings in this action is appropriate pending a decision by the Panel on whether to consolidate the Abilify compulsive behavior cases in a single MDL proceeding."); Order, *Miley*, No. 0:16-cv-67, ECF No. 55 ("The Court agrees that the conservation of judicial resources is best served by allowing the JPML time to determine whether this action should be part of an MDL, or should proceed as a stand-alone case in this District."); *F.I.M.*, 2015 WL 2165274, at *2 ("Any potential prejudice to Plaintiffs from the stay and commensurate delay in discovery would be minimal in light of the stay's short duration."); *Stark v. Pfizer*, No. 14-cv-1488, 2014 WL 2938445, at *2 (N.D. Cal. June 27, 2014) ("The potential prejudice to Plaintiff that could result from a stay is minimal, as the JPML's decision is likely to be issued shortly. On the other hand, Defendants would face the risk of unnecessary proceedings and inconsistent rulings on recurring questions of law and fact if the case is not stayed."); *Weaver v. Pfizer*, No. 2:14-cv-818, 2014 WL 2002212, at *4 (E.D. Cal. May 15, 2014) ("The potential burden on [defendant] of having to defend itself in multiple fora favors entry of a stay pending decision of the [JPML]. Moreover, defendant may have to relitigate any decisions this court reaches if the case is transferred to the MDL court." (internal citations omitted)).

/ / /

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request a temporary stay of all proceedings in this case pending a decision by the JPML on the MDL Motion.

Dated: August 8, 2016

By: /s/ Chad Fears
Kelly A. Evans, Esq. (#7691)
Chad R. Fears, Esq. (#6970)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway #1100
Las Vegas, Nevada 89169
702.784.5200
kevans@swlaw.com
cfears@swlaw.com

*Attorneys for Defendant Bristol-Myers Squibb Company*

By: /s/ Jeffrey Rugg
Jeffrey S. Rugg, Esq. (#10978)
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
702.382.2101
jrugg@bhfs.com

*Attorneys for Defendants Otsuka America Pharmaceutical, Inc. and Otsuka Pharmaceutical Co., Ltd.*

IT IS SO ORDERED:

DATED: September 9, 2016

_____
UNITED STATES MAGISTRATE JUDGE

- 8 -

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that on AUGUST 8, 2016, a true and correct copy of the foregoing **DEFENDANTS' UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** was electronically filed with the clerk of the court by using CM/ECF service all parties involved in this case and receiving service via the court's CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

*/s/ Julia Melnar*
An Employee of Snell & Wilmer L.L.P.